**Colorado case # 26-cv-01043-SBP**

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK) FERTILIZER ANTITRUST LITIGATION** MDL No. 3187

**TRANSFER ORDER**

**Before the Panel**:* Plaintiff in the *IIHAB Partnership* action pending in the Western District of Missouri moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation consists of five actions pending in four districts, as listed on Schedule A. In addition, the parties have informed the Panel of 29 related actions pending in eleven districts.[1]

All responding parties support centralization, but they disagree as to the proposed transferee forum. The responding plaintiffs variously propose the Northern District of California, the District of Colorado, the Northern District of Illinois, the District of Kansas, the District of Minnesota, and the Western District of Missouri as potential transferee venues, either in the first instance or in the alternative. The responding defendants support centralization in the Northern District of Illinois or, in the alternative, the Northern District of Texas.[2]

---

* Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity, and all Panel members present participated in the decision of this matter to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353, 1354 n.* (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L. 2001). Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision. Judges Karen K. Caldwell and Madeline Cox Arleo were not present and did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i), 7.1, and 7.2.

[2] Responding defendants include: CF Industries Holdings, Inc., CF Industries, Inc., and CF Industries Nitrogen, LLC; Nutrien Ltd. and Nutrien Ag Solutions, Inc.; The Mosaic Company, Mosaic Fertilizer, LLC, and Mosaic Canada Crop Nutrition, LP; Koch Industries, LLC, Koch Ag & Energy Solutions, LLC, Koch Fertilizers Wever, LLC, Koch Agronomics Services, LLC, Koch, Inc., and Koch Fertilizers, LLC; Yara North America, Inc.; Canpotex Limited; and The Fertilizer Institute.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that defendants conspired to artificially reduce or eliminate competition and raise or fix prices with respect to the production, sale, marketing, and distribution of nitrogen, phosphorus, and potassium (or potash) fertilizers (collectively, NPK fertilizers) sold in the United States. The complaints are substantially similar and name the same core group of defendants. Further, the actions are brought on behalf of overlapping putative nationwide and multistate classes of direct and indirect purchasers of NPK fertilizers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The District of Kansas is an appropriate transferee district for this litigation. Eight of the 34 related actions in this docket are pending in the District of Kansas. The district has a substantial connection to this litigation, as at least two of the Koch defendants have their principal place of business there and most of the other defendants operate in the state, which has a significant agriculture industry. The District of Kansas also presents a geographically central forum for this nationwide litigation, and it has the resources to efficiently manage this litigation. We assign this action to Judge Eric F. Melgren, an experienced jurist who has not yet had the opportunity to preside over a multidistrict litigation. We are confident that Judge Melgren will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Eric F. Melgren for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton
M. Casey Rodgers

Dale A. Kimball

ECF
DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Date filed: 6-17-2026
Clerk, U.S. District Court
By: ________ Deputy Clerk

**IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK) FERTILIZER ANTITRUST LITIGATION** MDL No. 3187

**SCHEDULE A**

District of Colorado

UNION LINE FARMS, INC. v. THE MOSAIC COMPANY, ET AL., C.A. No. 1:26–01043

Northern District of Illinois

STEVENS, ET AL. v. NUTRIEN AG SOLUTIONS, ET AL., C.A. No. 1:26–02585
RUMBOLD v. NUTRIEN AG SOLUTIONS, ET AL., C.A. No. 1:26–03051

District of Kansas

MATSON v. KOCH FERTILIZER, LLC, ET AL., C.A. No. 2:26–02146

Western District of Missouri

IIHAB PARTNERSHIP v. NUTRIEN LTD, ET AL., C.A. No. 4:26–00221